## WILLIN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **FB WICKLES, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 26-545** |
| | ) | |
| **DIRTY DILL, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## COMPLAINT

This is a trademark infringement lawsuit involving the registered trademark DIRTY DILL for pickles, owned by FB Wickles, LLC. ("Wickles" or "Plaintiff"). Dirty Dill, LLC ("Defendant") infringed Wickles' registered DIRTY DILL Mark and its unregistered trademarks by selling pickle-flavored vodka under the name "Dirty Dill".

Plaintiff seeks to recover damages for trademark infringement and to enjoin Defendant's future infringement of Plaintiff's rights.  Plaintiff further seeks an accounting, the imposition of a constructive trust upon Defendant's illegal profits, and injunctive relief.

## THE PARTIES

1.    Plaintiff is an Alabama Limited Liability Company with its principal place of business in Birmingham, Alabama.  Plaintiff owns the trademarks to and

holds the exclusive license to sell WICKLES PICKLES and related products. Plaintiff owns numerous registered and unregistered Marks related to its business. Specifically, Plaintiff owns US Trademark Registration No.: 5040117 for DIRTY DILL and associated unregistered marks related to its popular "Dirty Dill" line of products.

2.     Defendant is a Colorado limited liability company with a principal place of business in Denver, Colorado.  Defendant markets and sells pickle-flavored alcohol under the brand name "Dirty Dill".  Upon information and belief, Defendant transacts business in at least 22 US States, including substantial business in the Western District of Texas.

3.     Defendant has made a sale of infringing and illegal products or otherwise benefited from their illicit use of the Plaintiff's marks in the Western District of Texas.

## <u>JURISDICTION AND VENUE</u>

4.     This is a civil action arising under the Lanham Act of the United States, 15 U.S.C. §§ 1051, *et seq.*, subject matter being conferred on this Court under 15 U.S.C. § 1121, 28 U.S.C. § 1332, 28 U.S.C. §§ 1338 (a) and (b), and 28 U.S.C. § 1367.

5.     This Court has authority to issue injunctions and other equitable relief under 28 U.S.C. § 2202 and 15 U.S.C. § 1116(a).

6.     To the extent necessary, this Court has supplemental jurisdiction over Plaintiff's claims arising under the laws of Texas pursuant to 28 U.S.C. § 1367(a) because these claims are so related to Plaintiff's claims under federal law that they form part of the same case or controversy and derive from a common nucleus of operative fact.

7.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(1) & (2). The Defendant resides within this district and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this district. Specifically, the Defendant sells its infringing products in numerous stores within the Western District of Texas, as indicated on its website:



https://dirtydill.com/denver-dirty-dill-store-locator (accessed on Feb 27, 2026).

## FACTS COMMON TO ALL CLAIMS

### A.     Plaintiff's Intellectual Property

8.     Wickles and its predecessors have been engaged in the business of selling pickles and related products for nearly 30 years. *See* https://wicklespickles.com/about/.

9.     One of Wickles' most popular and successful products is its DIRTY DILL line of pickles:



*See* https://wicklespickles.com/products/.

10.     Wickles owns all intellectual property associated with its DIRTY DILL brand, including US Trademark Registration No.: 5040117 in Class 029 for

Pickles. Wickles' DIRTY DILL mark has been continuously used in commerce since at least 2015, and its mark was formally registered in the US Patent and Trademark Office on September 13, 2016. A copy of the registration certificate is attached as Exhibit "A".

11. Wickles' DIRTY DILL mark was renewed in 2022 and enjoys incontestable status under Section 15 of the Lanham Act.

12. Wickles also promotes its products with an anthropomorphic pickle mascot named "Wicked Willy" who is often featured in Wickles marketing materials and branded products dancing with a chili pepper, with other anthropomorphic characters, or on his own.







13.    Variations of the Wicked Willie mascot are also featured in US Trademark Registration Nos.: 2192385 and 6424298.

14.    Wickles has spent considerable time and money promoting its DIRTY DILL mark, which has grown to include a variety of products, and has amassed substantial goodwill and brand recognition in its products.

15.    Wickles has also participated directly in the alcoholic beverage industry, and has amassed substantial goodwill brand recognition of its marks in that industry. For example, Wickles collaborated with Hi-Wire Brewing Company to launch a Wickles-branded sour ale, which was followed by a variation featuring Wickles popular "Hula Pickles."  Examples of both products are shown below.

 

16.    Wickles' DIRTY DILL line of pickles has also inspired numerous cocktail recipes, including "Dirty Dill 'Wickletini' Martinis" https://wicklespickles.com/recipe/dirty-dill-pickle-martini/, the "Wickleback" cocktail https://wicklespickles.com/recipe/wickleback-cocktail/, and the "Spicy Pickle Margarita" https://wicklespickles.com/recipe/spicy-pickle-margarita/.

17.    Beginning as early as 2019, Wickles has expressly marketed its DIRTY DILL line of products for use in cocktails. For example:



https://www.facebook.com/Wickles.pickles/posts/its-nationalmartiniday-and-that-calls-for-this-wicked-dirty-dill-pickle-martini-/2400607376665809/.

18.    Because Wickles' DIRTY DILL pickle recipe is considered highly desirable for mixing pickle-flavored cocktails, Wickles has fielded numerous requests to co-brand other alcoholic beverages under its DIRTY DILL line of

products. Because of this growing demand, Wickles has applied for, and received approval on an intent-to-use basis, registration of WICKLEBACK for cocktail brine, prepared alcoholic cocktails, and alcoholic cocktail mixers.

**B.    Defendant's Wrongful Actions**

19.    Defendant is in the business of selling pickle-flavored alcohol. *See* https://dirtydill.com/denver-dirty-dill-products.

20.    Upon information and belief, Defendant began selling pickle-flavored alcohol under the "Dirty Dill" name during 2022.

21.    At the time of Defendant's first use, Wickles' DIRTY DILL mark had been used in commerce for more than six years, duly registered in the US Patent and Trademark Office, and was publicly accessible by Defendant.

22.    Defendant uses Wickles DIRTY DILL mark across the spectrum of its products and marketing efforts, including its business name, LLC formation, website, social media accounts, and product labels. For example:





https://dirtydill.com/#.

23.    In addition, Defendant brands and advertises its products using an anthropomorphic pickle mascot that resembles Wickles' well-known Wicked Willie character:



*See* https://dirtydill.com/denver-dirty-dill-products.



*See* https://shopdirtydill.myshopify.com/products/dirty-trucker-hat.

24.    Defendant's use of the DIRTY DILL mark to sell pickle-flavored alcohol and related products is likely to confuse customers about the source and origin of its goods.  Specifically, customers are likely to believe that Defendant's products originate from or are licensed or endorsed by Wickles.

25.    Defendant's use of an anthropomorphic pickle similar to Wickles' registered and unregistered "wicked willy" marks has heightened the likelihood of customer confusion.

26.    On March 18, 2025, Wickles demanded that Defendant cease and desist its infringing activities.  A copy of that demand is attached as Exhibit "B".

After an extended dialogue between counsel for both parties and direct discussions between executives without counsel present, Defendant ultimately refused to cease its infringement of Wickles' DIRTY DILL mark.

27.    The natural and foreseeable result of Defendant's wrongful conduct has been to deprive, and continue to deprive, Wickles of the goodwill and meaning of its DIRTY DILL mark and associated registered and unregistered marks and injures Wickles' relationships with its present and prospective customers.

28.    Defendant's production and sale of its infringing products and wrongful conduct has also deprived and continues to deprive Wickles an opportunity of expanding its goodwill in the alcoholic beverage market.

29.    Upon information and belief, the Defendant will continue their course of conduct and wrongfully use, infringe upon, sell and otherwise profit from Plaintiff's marks described above and deprive Wickles of its rights unless enjoined by this Court.

30.    As a direct and proximate result of the acts of Defendant alleged above, Wickles has already suffered irreparable damages and sustained lost profits. Wickles has no adequate remedy at law to address all of the injuries that Defendant has caused and intends to cause by their conduct.

31.    Wickles will continue to suffer irreparable damages and sustain lost profits until the actions, as alleged above, are enjoined by the Court.

## FIRST CLAIM

### [Trademark Infringement – 17 U.S.C. §§ 501 *et seq.*]

32.    Plaintiff repeats and incorporates by this reference each and every allegation set forth in paragraphs 1-31, as if set forth fully herein.

33.    Plaintiff is the owner of the DIRTY DILL Mark and has continuously used the DIRTY DILL Mark in commerce since at least 2015.

34.    Plaintiff timely applied for, and has received, the appropriate registration with the United States Patent and Trademark Office for its DIRTY DILL trademark. *See* Exhibit A.

35.    Defendant has, at all relevant times, been on notice of Plaintiff's rights in the DIRTY DILL Mark.

36.    The Defendant has infringed on Plaintiff's DIRTY DILL Mark by selling pickle-flavored alcohol and associated products under its "Dirty Dill" brand, which is confusingly similar to Plaintiff's DIRTY DILL Mark.  Defendant has also advertised its products on its website https://dirtydill.com, using a trade name confusingly similar to Plaintiff's DIRTY DILL Mark.

37.    Defendant's actions are without permission or authority from Plaintiff and are likely to cause confusion, to cause mistake, and to deceive the consuming public as to the association between Plaintiff and Defendant.

38.    At a minimum, Defendant acted with willful blindness to and reckless disregard of the Plaintiff's rights.

39.    On information and belief, Defendant's acts of trademark infringement have been committed with the intend to cause confusion, mistake, and deception.

40.    Because of Defendant's actions, Plaintiff has suffered and will continue to suffer damage to its business, reputation, and goodwill.

41.    Defendant continues to do the acts complained of herein and, unless restrained and enjoined by this Court, will continue to do so.  Plaintiff has no adequate remedy at law for the irreparable harm caused by Plaintiff's continuing actions.

42.    Plaintiff is entitled to damages, an award of its reasonable attorney fees, the costs of this action, interest, and other such relief as this Court may deem appropriate.

## <u>SECOND CLAIM</u>

### [Unfair Competition In Violation of 15 U.S.C. § 1125(a)(1)]

43.    Plaintiff repeats and incorporates by this reference each and every allegation set forth in paragraphs 1-42, inclusive.

44.    Defendant's use of Plaintiff's DIRTY DILL Mark (and other marks confusingly similar to Plaintiff's Marks) to advertise its goods and services

constitutes a false designation of origin which is likely to cause confusion, to cause mistake and to deceive as to the affiliation, connection, or association of Defendant with Plaintiff's business and as to the origin, sponsorship, licensing, or approval of such gods by Plaintiff.

45.     The aforementioned acts are in violation of 15 U.S.C. § 1125(a)(1), in that Defendant has used in connection with its goods a false designation of origin, a false or misleading description and representation of fact which is likely to cause confusion, and to cause mistake, and to deceive as to an affiliation between Defendant and Plaintiff.

46.     Upon information and belief, Defendant's acts of false designation of origin have been committed with the intent to cause confusion, mistake, and deception.

47.     Because of Defendant's actions, Plaintiff has suffered and will continue to suffer damage to its business, reputation, and goodwill.

48.     Defendant continues to do the acts complained of herein and, unless restrained and enjoined by this Court, will continue to do so.  Plaintiff has no adequate remedy at law for the irreparable harm caused by Plaintiff's continuing actions.

49.    Plaintiff is entitled to damages, an award of its reasonable attorney fees, the costs of this action, interest, and other such relief as this Court may deem appropriate.

## THIRD CLAIM

### [Texas Common Law Unfair Competition]

50.    Plaintiff repeats and incorporates by this reference each and every allegation set forth in paragraphs 1-49, inclusive.

51.    The acts and conduct of Defendant as alleged above in this Complaint constitute unfair competition pursuant to the common law of the State of Texas.

52.    Defendant's acts and conduct as alleged above have damaged and will continue to damage Plaintiff and have resulted in an illicit gain of profit to Defendant, the amount of which is unknown at the present time.

## FOURTH CLAIM

### [For Imposition of a Constructive Trust Upon Illegal Profits]

53.    Plaintiff repeats and incorporates by this reference each and every allegation set forth in paragraphs 1-52, inclusive.

54.    Defendant's conduct constitutes deceptive, fraudulent, and wrongful conduct in the nature of passing off infringing materials as its being of their own design and thus misappropriating the goodwill and product recognition that rightfully belongs to Plaintiff.

55.    By virtue of Defendant's wrongful conduct, they have illegally received money and profits rightfully belonging to Plaintiff.

56.    Upon information and belief, Defendant holds the illegally received money and profits in the form of bank accounts, real property, or personal property that can be located and traced.

57.    Defendant holds the money and profits they have illegally received as constructive trustee for the benefit of Plaintiff.

## FIFTH CLAIM

### [Accounting]

58.    Plaintiff repeats and incorporates by this reference each and every allegation set forth in paragraphs 1-57, inclusive.

59.    Plaintiff is entitled, pursuant to 17 U.S.C. § 504, to recover any and all profits of Defendant that are attributable to their acts of infringement.

60.    Plaintiff is entitled, pursuant to 17 U.S.C. § 504, to actual damages or statutory damages sustained by virtue of Defendant' acts of infringement.

61.    The amount of money due from Defendant to Plaintiff is unknown to Plaintiff and cannot be ascertained without a detailed accounting by Defendant of the precise number of and value of units of infringing material offered for distribution and distributed by Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

(1)    That the Court enter a judgment against Defendant as indicated below:

(a)    that Defendant has willfully infringed Wickles' rights with respect to US Trademark Registration No.: 5040117;

(b)    that Defendant has willfully infringed Wickles' rights with respect to its unregistered marks used to promote its DIRTY DILL products;

(d)    that Defendant has engaged in unfair competition in violation of Texas common law; and

(e)    that Defendant has otherwise injured the business reputation and business of Plaintiff by the acts and conduct set forth in this Complaint.

(2)    That the Court issue injunctive relief against Defendant, and that the Defendant, and any of their successors and/or assigns, and all others in active concert or participation with Defendant, be enjoined and restrained from:

(a)    using Plaintiff's Marks, variations of Plaintiff's Marks, or any mark confusingly similar to Plaintiff's DIRTY DILL Mark;

(b)    using any false designation of origin or false or misleading description or false or misleading representation that can or is likely to lead the trade, public or individuals erroneously to believe that any beverage or other item has been manufactured, assembled, produced, distributed, offered for distribution, circulation, sold, offered for sale, imported, advertised, promoted, displayed,

licensed, sponsored, approved, or authorized by or for Plaintiff, when such is not true in fact;

(c)    engaging in any other activity constituting an infringement of any of the Plaintiff's trademarks, or of Plaintiff's rights in, or right to use or to exploit, these trademarks; and

(d)    assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (c) above.

(3)    That the Court enter an order declaring that Defendant hold in trust, as constructive trustees for the benefit of Plaintiff, their illegal profits obtained from their sale of products using Plaintiff's DIRTY DILL Mark, and requiring Defendant to provide a full and complete accounting of all amounts due and owing to Plaintiff as a result of Defendant' illegal activities.

(4)    That the Court order Defendant to pay Plaintiff's general, special, actual, and statutory damages as follows:

(a)    Treble damages pursuant to 15 U.S.C. §1117(a);

(b)    Disgorgement of Defendant's profits pursuant to 15 U.S.C. §1117(a); and,

(c)    Plaintiff's damages and Defendant' profits pursuant to Texas common law.

(5)    That the Court order Defendant to pay both the costs of this action and the reasonable attorneys' fees incurred by Plaintiff in prosecuting this action; and

(6)    That the Court grant to Plaintiff such other and additional relief as is just and proper.

Respectfully submitted,

 /s/ William Johnson

WILLIAM JOHNSON | SBN: 24002367
E-mail: wpjohnson@balch.com

**BALCH & BINGHAM, LLP**
600 Congress | Ste. 2700 | Austin, TX 78701
T: 512.744.9300 | F: 512.744.9399

and

Marcus R. Chatterton | mchatterton@balch.com
Johnny L. Banks, III | jbanks@balch.com
**BALCH & BINGHAM, LLP**
Post Office Box 306 | Birmingham, AL 35201
Telephone: (205) 251-8100

*Pro Hac Vice Applications Forthcoming for Mr. Chatterton and Mr. Banks*

**Attorneys for FB Wickles, LLC**